No. 13,686.

State ex rel. Charles C. Buck vs. Robert Hingle, Judge Twenty-Ninth Judicial District Court for the Parish
of Plaquemines.

### Syllabus.

Writs issued under the supervisory jurisdiction of the appellate court will not be made peremptory when the question involved is brought up for review on appeal after the rule *nisi* has been issued.

In view of the facts, the restraining effect of the rule *nisi*, which was issued, remains in full force and effect until the issues shall have been decided on appeal.

APPLICATION for a Writ of *Mandamus*.

*Gurley & Mellen* for Relator.

Respondent Judge *pro se.*

*E. Howard McCaleb* for Jessie H. Massie and Frank C. Mevers, Sheriff, Respondents.

The opinion of the court was delivered by

Breaux, J.  Under the foreclosure proceedings, property of the Pla-quemine Tropical Fruit Co. had been seized and was advertised for sale. An injunction was applied for to stop the sale on the ground that two notes of which Charles Louque was the maker, one for ten thousand dol-lars ($10,000) and the other for five thousand dollars ($5,000) were without consideration, having been given in payment for land to which the vendor had no title.

It appears that in 1891, Robert M. White, claiming to be the owner, sold lands described in relator's petition to Charles Louque and that Louque sold these lands to the Plaquemine Tropical Fruit Co. Relator avers that Louque acted for him, Louque having no individual or personal interest in the transaction.

Relator represents in his application for this writ that he was evicted from nearly all the land which White, through Louque, sold to him, that instead of having acquired about thirty-two thousand acres, which relator contends were embraced within the description of the property sold, the Plaquemine Tropical Fruit Co. acquired only one thousand three hundred and twenty acres.

The judge of the District Court refused to grant the injunction for which the relator applied. Upon his refusal, relator applied to this court for an alternative writ of *mandamus* commanding the district judge to issue writs of injunction prohibiting the sheriff from selling the property seized and prohibiting the seizing creditor from proceeding further in the foreclosure suit, and relator prayed for a writ of *certiorari* in the alternative, directing the district judge to send up the record.

The usual order *nisi* issued on the application. This court further ordered as part of the rule: "And in the meantime, and until the further order of this court, let all proceedings on the part of said Jessie H. Massie in said two foreclosure suits, first above mentioned, be restrained and prohibited, and that Frank C. Nevers, sheriff of the parish of Plaquemine, be prohibited from making the sale of the property advertised by him under writs issued in said suits, and described in the proceedings therein."

About the time that the rule *nisi* was issued, relator obtained an appeal to this court from the order of the District Court refusing to grant an injunction. The cases were argued on appeal and were submitted for decision.

On appeal the questions are precisely the same as those presented on this application. For this reason, and also for the reason that it is settled that writs issued under our supervisory jurisdiction will not go to a court to remedy an asserted error reviewable on appeal and that the right of appeal will exclude other remedies, it is ordered, adjudged and decreed that the writs applied for be rejected and the order *nisi* dismissed, but that the restraining order remain in full force in aid of the appellate jurisdiction until the final disposition of the case on appeal.

It is further ordered, adjudged and decreed that the costs be taxed on the one cast in the appeal.